to prove that the president was authorized to contract for the publication at the expense of the corporation, and it appearing that the publication contracted for was purely a personal advertisement of the president and not for the purpose of advertising the business of the company.

---

## The People of the State of Illinois ex rel. Mary Bobola, Defendant in Error, v. Andrew Madaj, Plaintiff in Error.

### Gen. No. 18,413.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term. Affirmed. Opinion filed March 26, 1914.

### Statement of the Case.

Complaint by The People of the State of Illinois *ex rel.* Mary Bobola against Andrew Madaj alleging that said Mary Bobola was an unmarried woman and was delivered of a female child and that defendant was the father of the child. Defendant plead not guilty, a trial by jury was waived and the court found the defendant guilty. The court entered judgment on the finding and further adjudged that the defendant pay the sum of five hundred and fifty dollars for the support, maintenance and education of the child. To reverse the judgment, defendant prosecutes error.

GEORGE REMUS, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

Kramp v. Kramp, 185 Ill. App. 464.

## Abstract of the Decision.

BASTARDS, § 22*—*sufficiency of evidence.* In a bastardy proceeding, a finding that the defendant was the father of a bastard child *held* sustained by the evidence.

---

## Michael Kramp et al., Appellees, v. John Kramp et al. Louis Thexton and Elizabeth H. R. Thexton, Appellants.

## Gen. No. 18,905.

1. MORTGAGES, § 56*—*when mortgage assumed by grantee of equity of redemption not void for fraud.* On bill to foreclose a second mortgage, where the facts showed that the premises had subsequently been conveyed subject to incumbrances to one of the defendants who had also conveyed subject to the incumbrances to another defendant, *held* that a defense by the second grantee, that the second mortgage was void for the reason that the complainants and the first grantee had entered into a conspiracy to defraud him by placing a fictitious incumbrance on the property for the purpose of deceiving him as to the value of the property, was not sustained by the evidence.

2. MORTGAGES, § 231*—*when grantee of premises estopped from questioning validity of incumbrance.* A grantee taking a warranty deed with the understanding or agreement that there was a bona fide second mortgage upon the premises in addition to a first mortgage, and that such incumbrances formed a part of the consideration, is estopped from questioning the validity of such second mortgage.

3. MORTGAGES, § 514*—*when court may order receiver to remain in possession and collect rents.* On bill to foreclose a second mortgage, *held* the court did not err in ordering that a receiver theretofore appointed remain in possession to collect the rents, etc., until the further order of the court.

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 26, 1914. *Certiorari* denied by Supreme Court (making opinion final).

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.